UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 25-cr-85-01-SM-AJ |
| v. | Counts 1-4: Wire Fraud (18 U.S.C. § 1343) |
| PATRICK GOULET, | Count 5: Firearms Dealing Without a License (18 U.S.C. § 922(a)(1)) |
| Defendant. | |

# INDICTMENT

**The Grand Jury charges:**

At all times material to this Indictment:

1. Company 1 was a firearms manufacturer headquartered in New Hampshire.

2. Company 1 offered its employees the opportunity to purchase a limited number of discounted firearms and firearms accessories or gift the discount to a friend or family member.

3. Company 1 prohibited its employees from selling or otherwise using the discount for personal profit.

4. The defendant, PATRICK GOULET, was a machinist at Company 1 until he was terminated in November 2023.

5. GOULET was a resident of New Hampshire.

6. GOULET was not licensed to sell firearms.

## The Scheme

7. Beginning on an unknown date, but at least by August 5, 2021, and continuing through on or about June 13, 2024, in the District of New Hampshire, the defendant,

PATRICK GOULET,

knowingly and willfully executed a scheme or artifice to defraud Company 1, and to obtain

1

money and property by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means

It was part of the scheme that:

8. PATRICK GOULET used social media platforms such as Facebook to locate customers interested in purchasing Company 1 firearms and accessories.

9. GOULET offered potential customers the opportunity to acquire discounted Company 1 firearms and accessories in exchange for a fee. Customers who agreed typically paid GOULET by Venmo, Zelle, or PayPal.

10. GOULET obtained the names and company identification numbers for co-workers who had not used their allotted Company 1 employee discounts.

11. GOULET then applied for discounted firearms and accessories using his co-workers' names and badge numbers, but his own email address and phone number. In the applications, GOULET designated his customers as the recipients of the discounted firearms and accessories.

12. Between in or about August 5, 2021, through June 13, 2024, GOULET facilitated the sale of several hundred discounted firearms and accessories to his customers.

### COUNTS ONE THROUGH FOUR
Wire Fraud
18 U.S.C. § 1343

13. On or about the dates charted below, in the District of New Hampshire and elsewhere, the defendant,

PATRICK GOULET,

for the purpose of executing the scheme describe above, and attempting to do so, caused to be

2

transmitted by means of wire communication in interstate commerce the writings, signs, and signals described below:

| Count | Date | Wire | Subject of Payment | Firearm(s) Purchased |
|---|---|---|---|---|
| 1 | 07/20/2022 | $200 Venmo payment from Person A in Texas to GOULET | "Thing" | MCX Rattle Canebrake pistol |
| 2 | 08/11/2022 | $200 Venmo payment from Person B in Florida to GOULET | "[Company 1] MCX Virtus pistol 5.56 NATO" | MCX Virtus rifle |
| 3 | 02/22/2023 | $1,500 Venmo payment from Person C in Washington state to GOULET | "🍕" | Two P320 pistols; two P226 pistols; one P365 pistol |
| 4 | 07/26/2023 | $200 Venmo payment from Person D in Tennessee to GOULET | "🎉" | Cross bolt-action rifle |

All in violation of Title 18, United States Code, Section 1343.

COUNT FIVE
Firearms Dealing Without a License
18 U.S.C. § 922(a)(1)

14.     Paragraphs 1 through 6 and 8 through 13 are realleged.

15.     Beginning on an unknown date, but at least by August 5, 2021, and continuing through on or about June 13, 2024, in the District of New Hampshire, the defendant,

PATRICK GOULET,

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

NOTICE OF FORFEITURE

Upon conviction of one or more of the offenses set forth in Counts One through Four of this Indictment, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including a sum of money equal to the proceeds of the charged offenses.

Pursuant to 21 U.S.C. § 853(p), the United States of America shall be entitled to forfeiture of substitute property if any of the property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty.

All in accordance with 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

Dated: October 22, 2025

/s/ Foreperson
FOREPERSON

ERIN CREEGAN
United States Attorney

/s/ Alexander S. Chen
Alexander S. Chen
Assistant United States Attorney